## Reeves v. Reeves *et al.*

(Division B.    May 19, 1930.)

[128  So.  330.    No.  28712.]

**W. T. Knox,** of Winona, for appellant.

**J. O. Bomer, Jr.,** of Memphis, Tenn., for appellees.

**J. W. Conger,** of Winona, for appellees.

**Anderson, J.,** delivered the opinion of the court.

We think the evidence, fairly interpreted, shows that, after the death of the widow, appellant, in his capacity as executor, took charge of, and administered the homestead as a part of, the estate of the testator; and had in his hands, when his final settlement was made, as the net proceeds of the rents of the place, four hundred seventy-seven dollars and three cents. It is immaterial as to whether appellant was in error in assuming that the homestead was a part of the estate to be administered by him under the will. He took that course, and he will not now be heard to say that he is not liable to account for the rents; nor will he be heard to say that his interest in the estate should not be charged with his pro rata of the upkeep of the homestead while being so administered by him, on the ground that he did not give his assent to any expenditure for the upkeep of the place. Appellant, in his individual capacity, got the benefit of the rents, and in equity and good conscience should be charged with his share of the upkeep of the place, which the evidence showed was necessary in order to produce the rents.

The evidence was sufficient to justify the court in finding that the $699.33, which appellant took to Memphis with him, was, during the period of his administration of the estate, appropriated to his own personal use. In addition to taking these funds out of the state and appropriating them to his own personal use, appellant, during the period of his administration of the estate of more than eight years, never filed an annual account of the affairs of the estate.

The court, in the final account, charged him with interest on the six hundred ninety-nine dollars and thirty-three cents, and also on $477.03, the rents of the homestead; and refused to allow him any commissions for his services as executor. This was done as a penalty on appellant for his maladministration of the estate. In

452

a proper case the court is authorized to impose such a penalty; and we cannot say from the evidence in this case that the chancellor was manifestly wrong in imposing the penalty.

Affirmed.